## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JACOB P. COWIE**

       **Plaintiff,**

                                          **CASE NO:**

**v.**

**OFFICER JOSEPH J. REESE, individually and as a
member of the Tampa Police Department;
OFFICER GREGORY J. PRYOR, individually and as a
member of the Tampa Police Department;
OFFICER JAYSON G. URIARTE, individually and as a
member of the Tampa Police Department;
OFFICER JOHN R. GUSTAFSON, individually and
as a member of the Tampa Police Department;**

       **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JACOB P. COWIE (MR. COWIE), by and through the

undersigned Counsel, and hereby sues the Defendants, OFFICER JOSEPH J. REESE (REESE),

OFFICER GREGORY J. PRYOR (PRYOR), OFFICER JAYSON G. URIARTE (URIARTE),

and OFFICER JOHN R. GUSTAFSON (GUSTAFSON), demands a jury trial and alleges the

following:

## INTRODUCTION

1.      This is a civil rights action on behalf of Plaintiff, MR. COWIE, whose rights

under the Fourth Amendment to the United States Constitution were violated when Defendants,

REESE, PRYOR, URIARTE, and GUSTAFSON, collectively and alternatively participated in

throwing Plaintiff into a bench, striking Plaintiff with blows from their hands, delivering

multiple stuns from a department issued taser into Plaintiff, and kicking Plaintiff multiple times while he was on the ground, causing severe and permanent injuries.

2.      This action for monetary damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, against Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, who subjected Plaintiff, MR. COWIE, to the use of excessive force.

3.      Plaintiff, MR. COWIE, avers that Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, conducted an unreasonable seizure of Plaintiff by use of excessive force.

## JURISDICTION AND VENUE

4.      This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

6.      Venue is proper in this district because it is where the events complained of occurred.

7.      There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

8.      Plaintiff, MR. COWIE, is an adult resident of Pinellas County, State of Florida.

9.      Defendant, REESE, was at all times relevant to this Complaint duly appointed as an officer for the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department. Defendant, REESE, is sued in his individual capacity.

10.     Defendant, PRYOR, was at all times relevant to this Complaint duly appointed as an officer for the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department. Defendant, PRYOR, is sued in his individual capacity.

11.     Defendant, URIARTE, was at all times relevant to this Complaint duly appointed as an officer for the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department. Defendant, URIARTE, is sued in his individual capacity.

12.     Defendant, GUSTAFSON, was at all times relevant to this Complaint duly appointed as an officer for the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department. Defendant, GUSTAFSON, is sued in his individual capacity.

13.     Each and all of the acts of the Defendants and other members of the Tampa Police Department involved in this incident were performed under the color and pretense of the Constitution, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the City of Tampa, under the color of law and by virtue of their authority as law enforcement officers for the City of Tampa. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

14.     The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## STATEMENT OF THE FACTS

15.     Plaintiff, MR. COWIE, at the time of the incident was twenty-six (26) years old and deaf.

16.     Plaintiff, MR. COWIE, was standing in the vicinity of TYLER NEAL TINKHAM (MR. TINKHAM) and NICHOLAS A. GORDON (GORDON), an employee of GASPAR'S GROTTO (GASPAR'S).

17.     At all relevant times, Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, knew or should have known of Plaintiff's, MR. COWIE, hearing impairment because of Plaintiff's attempts to communicate his hearing impairment to the officers, bystander attempts to communicate Plaintiff's hearing impairment to the officers, and the presence of hearing aids in Plaintiff's ears.

18.     While Plaintiff, MR. COWIE, was standing in the vicinity of MR. TINKHAM and GORDON, he was approached by an officer dressed in street clothes, one of the Defendants. At this time, Plaintiff, MR. COWIE, did not know the individual dressed in street clothes was an officer.

19.     Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, either individually or collectively, used unlawful force against Plaintiff, MR. COWIE, that included grabbing Plaintiff from behind, throwing Plaintiff's body into a nearby bench, thereby causing Plaintiff, MR. COWIE, to strike the bench with great force, engaging Plaintiff on the ground, delivering two drive stuns from a taser into Plaintiff's body, striking Plaintiff at least twice while he was still on the ground, delivering two kicks to the body of Plaintiff, and manipulating and fighting Plaintiff while Plaintiff was on the ground, and otherwise using force that caused injury to Plaintiff, MR. COWIE, above and beyond any force that was reasonable or prudent.

20.     As a result of Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, either individually or collectively throwing Plaintiff's body into a bench, striking Plaintiff with multiple fist blows, delivering multiple stuns to Plaintiff's body from a taser, delivering multiple kicks to Plaintiff's body, and otherwise being physical with Plaintiff, MR. COWIE, he suffered permanent injuries.

21.     As a result of Defendants', REESE, PRYOR, URIARTE, and GUSTAFSON, violent physical attack of Plaintiff, MR. COWIE, Plaintiff suffered injuries, including but not limited to, a severe injury to his left shoulder that required surgery, and Plaintiff also suffered a fractured orbital floor, fractured orbit, and a fractured leforte I (right).

22.     Defendants', REESE, PRYOR, URIARTE, and GUSTAFSON, use of force against Plaintiff, MR. COWIE, a hearing impaired man, constituted excessive force in violation of Plaintiff, MR. COWIE's, clearly established rights under the United States Constitution.

23.     Defendants', REESE, PRYOR, URIARTE, and GUSTAFSON, use of force was particularly unreasonable given the circumstances under which they came into contact with Plaintiff, MR. COWIE. Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, were or should have been aware of Plaintiff's hearing impairment.

24.     As a direct and proximate cause of the actions of Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, Plaintiff, MR. COWIE, suffered the following injuries and damages:

    a.      Violation of his constitutional rights under the Fourth Amendment to the United States Constitution.

    b.      Bodily injury and resulting pain and suffering, disfigurement, loss of capacity for the enjoyment of life and medical expenses, each with a past, present, and future component.

25.     The actions of the Defendants violated the clearly established and well-settled

federal constitutional rights of Plaintiff, MR. COWIE, of which a reasonable and prudent officer would have known: Freedom from the use of excessive, unreasonable and unjustified force that is wholly disproportionate to any claimed need for force against his person.

## COUNT I

### 42 U.S.C § 1983 Excessive Force Claim – Defendant Reese

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-25 above, and further alleges:

27.     Defendant, REESE, did directly or indirectly aid in the unlawful seizure of Plaintiff, MR. COWIE, when he committed some or all of the acts that injured Plaintiff, including throwing Plaintiff into a bench, striking Plaintiff with multiple fist blows, delivering multiple taser stuns to Plaintiff's body, delivering multiple kicks to Plaintiff's body, and otherwise being unnecessarily violent with Plaintiff.

28.     Defendant, REESE's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, MR. COWIE.

29.     Defendants, REESE's, use of force upon Plaintiff, MR. COWIE, was an objectively unreasonable use of force given the totality of the circumstances, including Defendant unjustifiably attacking MR. COWIE without a compelling need.

      a.     Plaintiff, MR. COWIE, is hearing impaired and therefore was hindered, if not completely prevented, from effectively communicating with Defendant because one or more of Defendants, including the first officer on the scene, was undercover, and the severe physical violence and restraint placed on Plaintiff, MR. COWIE, prevented him from being able to effectively communicate with Defendants and hear Defendants orders.

      b.     Plaintiff, MR. COWIE, did not pose any threat to Defendant, REESE, or any other person present because Plaintiff was merely standing in the vicinity of MR. TINKHAM. Plaintiff, MR. COWIE, was unarmed and not

given a reasonable opportunity to identify his attackers, Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, as law enforcement officers, prior to being thrown into a bench and further attacked.

30.    This cause of action is brought by Plaintiff, MR. COWIE, against Defendant, REESE, for the excessive use of force under color of law that deprived Plaintiff, MR. COWIE, of constitutionally protected rights under the Fourth Amendment to the United States Constitution.

31.    Defendant, REESE, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, MR. COWIE, in violation of his rights under the Fourth Amendment to the United States Constitution.

32.    As a result of the excessive force used by Defendant, REESE, Plaintiff required medical attention for a severe injury to his left shoulder, and a fractured orbital floor, a fractured orbit, and a fractured leforte I (right).

## COUNT II

### 42 U.S.C § 1983 Excessive Force Claim – Defendant Pryor

33.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-25 above, and further alleges:

34.    Defendant, PRYOR, did directly or indirectly aid in the unlawful seizure of Plaintiff, MR. COWIE, when he committed some or all of the acts that injured Plaintiff, including throwing Plaintiff into a bench, striking Plaintiff with multiple fist blows, delivering multiple taser stuns to Plaintiff's body, delivering multiple kicks to Plaintiff's body, and otherwise being unnecessarily violent with Plaintiff.

35.     Defendant, PRYOR's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, MR. COWIE.

36.     Defendants, PRYOR's, use of force upon Plaintiff, MR. COWIE, was an objectively unreasonable use of force given the totality of the circumstances, including Defendant unjustifiably attacking MR. COWIE without a compelling need.

        a.     Plaintiff, MR. COWIE, is hearing impaired and therefore was hindered, if not completely prevented, from effectively communicating with Defendant because one or more of Defendants, including the first officer on the scene, was undercover, and the severe physical violence and restraint placed on Plaintiff, MR. COWIE, prevented him from being able to effectively communicate with Defendants and hear Defendants orders.

        b.     Plaintiff, MR. COWIE, did not pose any threat to Defendant, PRYOR, or any other person present because Plaintiff was merely standing in the vicinity of MR. TINKHAM. Plaintiff, MR. COWIE, was unarmed and not given a reasonable opportunity to identify his attackers, Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, as law enforcement officers, prior to being thrown into a bench and further attacked.

37.     This cause of action is brought by Plaintiff, MR. COWIE, against Defendant, PRYOR, for the excessive use of force under color of law that deprived Plaintiff, MR. COWIE, of constitutionally protected rights under the Fourth Amendment to the United States Constitution.

38.     Defendant, PRYOR, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, MR. COWIE, in violation of his rights under the Fourth Amendment to the United States Constitution.

39.     As a result of the excessive force used by Defendant, PRYOR, Plaintiff required medical attention for a severe injury to his left shoulder, and a fractured orbital floor, a fractured

orbit, and a fractured leforte I (right).

## COUNT III

### 42 U.S.C § 1983 Excessive Force Claim – Defendant Uriarte

40.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-25 above, and further alleges:

41.    Defendant, URIARTE, did directly or indirectly aid in the unlawful seizure of Plaintiff, MR. COWIE, when he committed some or all of the acts that injured Plaintiff, including throwing Plaintiff into a bench, striking Plaintiff with multiple fist blows, delivering multiple taser stuns to Plaintiff's body, delivering multiple kicks to Plaintiff's body, and otherwise being unnecessarily violent with Plaintiff.

42.    Defendant, URIARTE's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, MR. COWIE.

43.    Defendant, URIARTE's, use of force upon Plaintiff, MR. COWIE, was an objectively unreasonable use of force given the totality of the circumstances, including Defendant unjustifiably attacking MR. COWIE without a compelling need.

      a.    Plaintiff, MR. COWIE, is hearing impaired and therefore was hindered, if not completely prevented, from effectively communicating with Defendant because one or more of Defendants, including the first officer on the scene, was undercover, and the severe physical violence and restraint placed on Plaintiff, MR. COWIE, prevented him from being able to effectively communicate with Defendants and hear Defendants orders.

      b.    Plaintiff, MR. COWIE, did not pose any threat to Defendant, URIARTE, or any other person present because Plaintiff was merely standing in the vicinity of MR. TINKHAM. Plaintiff, MR. COWIE, was unarmed and not given a reasonable opportunity to identify his attackers, Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, as law enforcement officers, prior to being thrown into a bench and further attacked.

44.     This cause of action is brought by Plaintiff, MR. COWIE, against Defendant, URIARTE, for the excessive use of force under color of law that deprived Plaintiff, MR. COWIE, of constitutionally protected rights under the Fourth Amendment to the United States Constitution.

45.     Defendant, URIARTE, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, MR. COWIE, in violation of his rights under the Fourth Amendment to the United States Constitution.

46.     As a result of the excessive force used by Defendant, URIARTE, Plaintiff required medical attention for a severe injury to his left shoulder, and a fractured orbital floor, a fractured orbit, and a fractured leforte I (right).

## COUNT IV

### 42 U.S.C § 1983 Excessive Force Claim – Defendant Gustafson

47.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-25 above, and further alleges:

48.     Defendant, GUSTAFSON, did directly or indirectly aid in the unlawful seizure of Plaintiff, MR. COWIE, when he committed some or all of the acts that injured Plaintiff, including throwing Plaintiff into a bench, striking Plaintiff with multiple fist blows, delivering multiple taser stuns to Plaintiff's body, delivering multiple kicks to Plaintiff's body, and otherwise being unnecessarily violent with Plaintiff.

49.     Defendant, GUSTAFSON's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, MR. COWIE.

50.     Defendant, GUSTAFSON's, use of force upon Plaintiff, MR. COWIE, was an objectively unreasonable use of force given the totality of the circumstances, including Defendant unjustifiably attacking MR. COWIE without a compelling need.

      a.      Plaintiff, MR. COWIE, is hearing impaired and therefore was hindered, if not completely prevented, from effectively communicating with Defendant because one or more of Defendants, including the first officer on the scene, was undercover, and the severe physical violence and restraint placed on Plaintiff, MR. COWIE, prevented him from being able to effectively communicate with Defendants and hear Defendants orders.

      b.      Plaintiff, MR. COWIE, did not pose any threat to Defendant, GUSTAFSON, or any other person present because Plaintiff was merely standing in the vicinity of MR. TINKHAM. Plaintiff, MR. COWIE, was unarmed and not given a reasonable opportunity to identify his attackers, Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, as law enforcement officers, prior to being thrown into a bench and further attacked.

51.     This cause of action is brought by Plaintiff, MR. COWIE, against Defendant, GUSTAFSON, for the excessive use of force under color of law that deprived Plaintiff, MR. COWIE, of constitutionally protected rights under the Fourth Amendment to the United States Constitution.

52.     Defendant, GUSTAFSON, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, MR. COWIE, in violation of his rights under the Fourth Amendment to the United States Constitution.

53.     As a result of the excessive force used by Defendant, GUSTAFSON, Plaintiff

required medical attention for a severe injury to his left shoulder, and a fractured orbital floor, a fractured orbit, and a fractured leforte I (right).

## DAMAGES

54.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-53 above, and further alleges:

55.     As a direct and proximate result of the aforementioned actions and omissions of the Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, Plaintiff, MR. COWIE's, constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff, MR. COWIE, seeks recovery from the Defendants, of all damages to which he may be entitled under federal law for the injuries and damages he sustained and which include, but are not limited to the following:

a.     Physical Pain and Suffering of a past, present and future nature;

b.     Emotional Pain and Suffering of a past, present and future nature;

c.     Medical Expenses of a past, present and future nature;

d.     Permanent Impairment of a past, present and future nature;

e.     Loss of Enjoyment of Life of a past, present and future nature;

f.     Punitive damages against the individual Defendants;

g.     Pre and Post-Judgment Interest for all 42 U.S.C § 1983 claims;

h.     Statutory and Discretionary Costs;

i.     Attorney's fees where permitted by 42 U.S.C § 1988;

j.     All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff, MR. COWIE, sues the Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, for his injuries and damages and prays for a judgment against the Defendants for *compensatory damages* in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.  While Plaintiff, MR. COWIE, objects to placing a specific sum of money on the value of his injuries and damages, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed five hundred thousand dollars ($500,000).

**WHEREFORE,** premises considered, Plaintiff, MR. COWIE, sues the Defendants, and prays for a judgment against Defendants, REESE, PRYOR, URIARTE, and GUSTAFSON, for *punitive damages* in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises. While Plaintiff, MR. COWIE, objects to placing a specific sum of money on the value of his injuries and damages, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed five hundred thousand dollars ($500,000).

**Plaintiff, MR. COWIE, requests a trial by jury on all issues so triable.**

Respectfully submitted,

**MICHAEL P. MADDUX, P.A.**

Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: patteson@flash.net